# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN WALTER WILLIAMS,      )
                                      )
                    Petitioner,    )
                                        )
                          v.         )       1:07CV807
                                        )
THEODIS BECK[1],           )
                                        )
                    Respondent.  )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a paper writing which appears to attack a state law conviction and sentence. The Court construes it to be a petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. The Clerk of Court received the submission on October 23, 2007. For the following reasons, the petition cannot be further processed.

1.      Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

2.      Petition was not signed by Petitioner (at least one copy must bear an original signature). [Attached instructions and Rule 2(c), Rules Governing § 2254 Cases.]

---

[1]The Court notes that Petitioner has not named his custodian or anyone else as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of the North Carolina Department of Correction. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the complaint is deemed from this point forward to be amended to name Theodis Beck, who is currently the Secretary of the North Carolina Department of Correction, as respondent.

3.  Filing fee was not received, nor was an affidavit to proceed in forma pauperis submitted and signed by Petitioner. [Attached instructions and Rule 3(a), Rules Governing § 2254 Cases.]

4.  An insufficient number of copies was furnished. Petitioner must submit the original and two copies. [Attached instructions and Rule 3(a), Rules Governing § 2254 Cases.]

Because of these pleading failures, this particular petition should be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed in forma pauperis, and otherwise correcting the defects noted. The Court has no authority to toll the statute of limitation, therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. See Spencer v. Sutton, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed in forma pauperis, and new § 2254 forms.

In forma pauperis status will be granted for the sole purpose of entering this Order and Recommendation.

**IT IS THEREFORE ORDERED** that in forma pauperis status is granted for the sole purpose of entering this Order. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed in forma pauperis.

**IT IS RECOMMENDED** that this action be filed, but then dismissed sua sponte without prejudice to Petitioner filing a new petition which corrects the defects of the current petition.

_____
**United States Magistrate Judge**

October 31, 2007

-2-